FUENTES HERMANOS *v.* BANCO DE PUERTO RICO ET AL.

APPEAL from the District Court of Mayagüez.

No. 114.—Decided June 28, 1906.

CONTRACTS—FULFILMENT OF OBLIGATION IN REGARD TO SALE OF PRODUCTS—
SUMS OWING FOR AMOUNTS ADVANCED FOR MAINTENANCE—FORECLOSURE OF

MORTGAGE.—Paragraph 6 of section 1823 of the Civil Code refers to cases in which it is sought to recover money advanced for expenses of maintenances, etc., upon the products of the property for which such amounts were expended for maintenance, but it is not applicable to a case where the borrower contracted to deliver to the lender a fixed quantity of a certain specified product, this being a contract of purchase and sale on the part of the vendor for the delivery of the thing sold; and this is different from the preferred credits referred to in the section of the Code above mentioned, and therefore said section cannot be invoked to compel payment of a credit with preference over a mortgage credit.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider the evidence taken at the trial, it is necessary that the same be set forth in a bill of exceptions or statement of facts.

The facts are set forth in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Sarmiento* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On September 14, 1905, Juan B. Fuentes, as the manager and representative of the commercial firm of Fuentes Hermanos, engaged in business in Mayagüez, filed the complaint originating this action in the district court of said city against the Banco de Puerto Rico and the agricultural firm of Olivieri & Sobrinos, basing the same upon the following facts:

"1. The plaintiff firm and the defendant firm of Olivieri & Sobrinos reduced to a public instrument, before Notary Mariano Riera Palmer on July 9, 1905, a private contract which they had entered into in January of the same year by virtue of which the plaintiff firm acquired the ownership of 100 *quintals* of coffee which the defendant firm was to deliver to the former from the crop of that year, said sale being made for the price of $1,000, which the defendant received for the purpose of operating the Aurelia Estate and to cultivate and improve it.

"2. The Banco de Puerto Rico brought an action in this district court for the recovery of a mortgage credit which the firm of Olivieri & Sobrinos had constituted on the Aurelia Estate for the sum of $8,000.

"3. Said Aurelia Estate, the property of the aforesaid firm of Olivieri & Sobrinos, was valued in said mortgage deed by common agreement and for the purposes of article 127 of the Mortgage Law,

at the sum of $30,000, which, as will be seen at once, was a sum more than sufficient to meet the mortgage credit held by the Banco de Puerto Rico in due time.

"4. Judgment having been obtained by the Banco de Puerto Rico against the property of Olivieri & Sobrinos, the latter appealed from said judgment to the Supreme Court of Justice of Porto Rico.

"5. The defendant firm, Banco de Puerto Rico, availing itself of the right granted it by section 182 of the Code of Civil Procedure in force, petitioned the district court of this city to appoint a receiver to gather the fruits of the said coffee plantation called 'Aurelia.'

"6. The plaintiff firm has the right to perfect in due time the contract relating to the purchase and sale of the 100 *quintals* of coffee acquired under private contract entered into in January of this year and reduced to a public instrument in the manner stated in the first allegation of fact of this complaint."

Upon these grounds he concluded with a prayer to the court that judgment be rendered in due time in favor of the plaintiff and against the defendant, and that the receiver appointed by this court on petition of the Banco de Puerto Rico or the person who, upon the decision of this litigation, should have charge of gathering the fruits of the coffee plantation called "Aurelia," the property of the defendant firm of Olivieri & Sobrinos, be ordered to deliver to the plaintiff firm the amount of 100 *quintals* of coffee from that gathered on said Aurelia plantation, with the costs against the defendant.

The Banco de Puerto Rico in its answer made through its counsel, Attorney José de Diego, contested the complaint and prayed the court to dismiss it and render judgment in favor of the defendant company with the costs against the plaintiff, alleging the following facts:

"1. That it accepted the first allegation of the complaint in so far as it is claimed that by instrument of July 9, 1905, Olivieri & Sobrinos sold, or rather offered to sell to Fuentes Hermanos, in consideration of the sum of $1,000, 100 *quintals* of coffee of the next crop of the Aurelia Plantation.

"With regard to the private contract to which the first allegation

of the complaint refers, the Banco de Puerto Rico has not sufficient belief with respect to the matter, and therefore formulates its ·denial in this form.

"2. The Banco de Puerto Rico likewise accepts the second allegation of the complaint, amending it in the sense that the amount of the sum claimed in the execution proceedings prosecuted by the bank against Olivieri & Sobrinos amounts to $1,178.76, plus interest for the delay in payment.

"3. It is true that for the purposes of article 127 of the Mortgage Law the Aurelia Plantation was valued at 30,000 *pesos,* but the sum which the plantation would bring at public sale cannot be deducted from this appraisal.

"4. The fourth and fifth allegations of the complaint are accepted.

"5. The sixth allegation of the complaint is not an allegation of facts, but a conclusion of law absolutely without basis, and the Banco de Puerto. Rico expressly rejects this conclusion.

"6. As new matter alleged in opposition, the Banco de Puerto Rico states: That the mortgage credit referred to in the second allegation of the complaint was constituted by deed executed before Notary Mariano Riera Palmer on October 11, 1900, to secure the payment of a debt amounting to $9,926.56, American gold, payable in a number of instalments; that the Aurelia coffee plantation mentioned in the complaint was mortgaged to secure this sum and $2,000 additional for expenses and costs; that the mortgage was executed by Olivieri & Sobrinos in favor of J. Tornabells & Co., in Liquidation, as shown in said deed of October 11, 1900; that J. Tornabells & Co., in Liquidation, assigned said mortgage credit to the Banco de Puerto Rico, formerly the Banco Español de Puerto Rico, by deed executed before Notary José de Diego, on May 20, 1901; that the mortgage as well as its assignment were promptly and duly recorded in the registry of property of this district; that on July 9, 1905, when the instrument relating to fruits upon which the complaint is based was executed, the five first instalments of the mortgage credit assigned to the bank by J. Tornabells & Co., in Liquidation, were already past due; that on said date the action brought by the Banco de Puerto Rico against Olivieri & Sobrinos had already been prosecuted through all its stages, and this court had already rendered judgment in favor of the plaintiff, from which the defendants took an appeal to the Supreme Court.

"7. At this stage of the proceedings it is not possible to determine the sum which the encumbered estate and its fruits included in the mortgage will bring at public sale, and finally the complaint is out of time and reason."

The trial having been held and the evidence, consisting of documentary evidence and the testimony of witnesses, presented by the parties, having been heard, the District Court of Mayagüez rendered the following judgment:

"This cause was called for trial in its order according to the calendar on the 28th instant. The parties entered an appearance, the plaintiff, through his counsel, Attorney J. S. Amill Negroni, and the Banco de Puerto Rico and the firm of Olivieri & Sobrinos through their counsel, José de Diego and Juan Quintero, respectively, all of whom announced that they were ready to proceed. The court, after hearing the evidence and the allegations of the parties, reserved judgment until this 28th day of October, 1905, and on this day holds that the law and the facts are in favor of the plaintiff, and, therefore, orders and decrees that the latter recover from the firm of Olivieri & Sobrinos the amount of 100 *quintals* of coffee claimed, which said defendant shall deliver from the fruits of the present crop of the rural estate called 'Aurelia,' which is under the custody and administration of the receiver; it being understood that the delivery of the said 100 *quintals* of coffee must be made from that part of the product remaining after the mortgage credit constituted in favor of the Banco de Puerto Rico has been settled in full; and the Banco de Puerto Rico is absolved from this complaint, and said party shall remain relieved from any liability under this claim, without any special taxation of costs; and it is ordered that execution issue to the marshal for the satisfaction of this judgment.—Isidoro Soto Nussa, judge. Attest: Franco. Llavat."

An appeal having been taken from this judgment by the plaintiff, Fuentes Hermanos, and the proper transcript of the record having been transmitted to this Supreme Court and a brief having been filed by the appellant, a date was set for the hearing at which the Banco de Puerto Rico alone appeared.

Counsel for the appellant firm alleges in his brief that the $1,000 for the payment of which the firm of Olivieri & Sobrinos sold it the 100 *quintals* of coffee of the crop of said Aurelia Estate having been employed in the improvement of the Aurelia Plantation, belonging to said firm, the delivery

of these 100 *quintals* of coffee to the plaintiff firm must be made prior to the payment of the mortgage credit of the Banco de Puerto Rico, under section 1823 of the Civil Code in force, according to which preference is given with regard to specified personal property of the debtor, among others to credits for seed and expenses of cultivation and harvesting advanced to the debtor with regard to the fruits of the crops to which they were applied.

But apart from the fact that this is not the actual question raised in the complaint, because the latter sought the delivery of 100 *quintals* of coffee of the crop of Aurelia Plantation, without consideration whatever to any preference it might have over the mortgage of the bank, but on the ground that said mortgage was sufficiently secured by the value of the Aurelia Estate which had been appraised by common agreement of the parties in the mortgage deed at the sum of 30,000 *pesos;* apart from the fact also that even though this should not be so the said section invoked by the appellant could never be applied to the case, because in these proceedings the recovery of an agricultural credit upon the fruits of the thing benefited is not involved, which is the case referred to in the sixth subdivision of section 1823 of the Civil Code in force, but the question involved is the delivery of the 100 *quintals* of coffee sold it by the owners of the Aurelia Plantation for the express payment of the 1,000 *pesos* which the plaintiffs allege was furnished them for the cultivation of the plantation, which simply implies the consummation of a contract of purchase and sale on the part of the vendor by the delivery of the thing sold, which is a question very different from the preference of credits to which said section of the Civil Code refers.

Aside, however, from all these considerations, it is a fact that for the decision of the questions raised in the complaint and in the answer by the Banco de Puerto Rico, we would always find it necessary to examine the evidence presented by both parties, even though it were only for the purpose of

ascertaining the dates and other particulars of their respective titles; it is not possible for us to do this in this case because the appellants have not prepared the appeal in the form prescribed by section 214 of the new Code of Civil Procedure; that is to say, by means of a bill of exceptions or statement of facts for the purpose of identifying in this Supreme Court the evidence heard at the trial, but have presented a copy of such evidence certified to by the reporter, which is not the proper form of presenting it, as this Supreme Court has held in a large number of cases.

Therefore, as the appellant has not shown that the judgment of the District Court of Mayagüez has been rendered in error, said judgment should be affirmed in every respect, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.